In re FINKS.

(Circuit Court of Appeals, Sixth Circuit.   June 30, 1915.)

No. 2635.

1. BANKRUPTCY ⊚⟺268—SALES—INJURY TO PROPERTY—LIABILITY OF PUR-
CHASER.

Bankr. Act July 1, 1898, c. 541, § 70b, 30 Stat. 565 (Comp. St. 1913, § 9654), provides that property of a bankrupt estate shall not be sold otherwise than subject to the approval of the court for less than 75 per cent. of its appraised value. A bankrupt's property was sold for $1,800, less than 75 per cent. of the appraised valuation, and thereafter and before the confirmation of the sale was so damaged by a flood as to be worth only $150. *Held*, that this loss was not sustainable by the purchaser, since a loss occurring between a judicial sale and its confirmation cannot be visited upon the purchaser, especially as the confirmation of a judicial sale involves the exercise of judicial discretion, and it would be an improper exercise of such discretion to confirm the sale after the property has been substantially destroyed by an act of God and without the purchaser's fault.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 372–379; Dec. Dig. ⊚⟺268.]

2. JUDGMENT ⊚⟺273—ENTRY NUNC PRO TUNC.

The principle on which judgments nunc pro tunc are sustained is that such action is necessary in furtherance of justice, and to save a party from unjust prejudice through delay caused by the act of the court or the course of judicial procedure, and the delay in entering the judgment must either be solely the fault of the court, or at least not attributable to the laches of the party in whose favor the practice is resorted to.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 525–541; Dec. Dig. ⊚⟺273.]

3. BANKRUPTCY ⊚⟺264—SALE—CONFIRMATION—ENTRY NUNC PRO TUNC.

On the day the sale of a bankrupt's property for less than 75 per cent. of its appraised value was had, the trustee reported to the referee, who told him that the sale would be confirmed, and directed the trustee's attorney to prepare the appropriate entry. A memorandum of the entry was left at the referee's office by the attorney, but was not signed by the referee, because of his absence from his office until after the property was damaged by a flood. The purchaser had no notice or knowledge of the referee's statement that the sale would be confirmed. *Held*, that the order of confirmation could not be treated as made of the date of the sale and subsequently entered nunc pro tunc in order to make the purchaser bear the loss, as the failure to enter the order on that date was not due to the court's fault or to its inadvertence, but was more properly due to the delay of the attorney in failing to draft it and have it entered.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 368, 369; Dec. Dig. ⊚⟺264.]

Petition to Revise an Order of the District Court of the United States for the Southern District of Ohio; Howard C. Hollister, Judge. In the matter of Fried Bros., bankrupts. On petition by Ralph B. Finks, trustee, to revise an order reversing an order of the referee. Affirmed.

John Dineen, of Dayton, Ohio, for petitioner.
Henry Bentley, of Cincinnati, Ohio, for respondent.

Before WARRINGTON and KNAPPEN, Circuit Judges, and EVANS, District Judge.

⊚⟺For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

PER CURIAM. This is a proceeding to revise, in matter of law, the action of the District Court reversing the referee's action holding a purchaser of goods at the trustee's sale guilty of contempt in not paying the balance of the purchase price.

The purchaser bid $1,800 for the stock (women's apparel), and this was the highest bid. It was, however, less than 75 per cent. of the appraised valuation, and thus the sale was ineffective until actually confirmed by the referee. Bankruptcy Act, § 70b. The sale was had March 22, 1913, and was reported to the referee that day. No formal order of confirmation was entered until April 5th. Meanwhile the Dayton flood occurred, so damaging the property that it brought, under sale by agreement (without prejudice), but $150. The question is, on whom must the loss fall—on the trustee, representing creditors, or on the purchaser?

[1] The rule is settled by the better weight of authority that a loss occurring between the sale and its confirmation cannot be visited upon the purchaser at the judicial sale. Ex parte Minor, 11 Vesey, Jr., 559, 562; Taylor v. Cooper, 37 Va. 317, 319, 34 Am. Dec. 737. It is also settled that the confirmation of a judicial sale involves the exercise of judicial discretion. Tennessee v. Quintard (C. C. A. 6) 80 Fed. 829, 835, 26 C. C. A. 165, and cases there cited. And clearly it would be an improper exercise of judicial discretion to confirm the sale in question after the property had been substantially destroyed by the "act of God" and without the fault of the purchaser. The order of confirmation was therefore improper, and the purchaser wrongfully held in contempt for failing to pay the balance of the purchase price, unless there was an effective confirmation previous to the flood. The trustee stands, and must stand, upon such alleged prior confirmation.

[2] His claim is that the confirmation was legally and finally made March 22d, and that the entry of April 5th was merely nunc pro tunc, and so related back to the date of actual confirmation. If the premises are correct, the conclusion follows. The underlying principle on which judgments nunc pro tunc are sustained is that such action is necessary in furtherance of justice and in order to save a party from unjust prejudice through a delay caused by the act of the court or the course of judicial procedure. In other words, the practice is intended merely to make sure that one shall not suffer for an event which he could not avoid. 1 Black on Judgments, §§ 126–137. The delay in entering must either be solely the fault of the court, or, at least, not attributable to the laches of the party in whose favor the practice is resorted to.

[3] As applied to the circumstances here existing, the entry of the nunc pro tunc judgment necessarily presupposes an actually pre-existing judgment which has failed of entry. The record before us, which is thought to evidence an actual confirmation by the court on March 22d, is this: The report of the referee to the District Court states that, "at the time this sale was reported to the referee, he confirmed it and directed the trustee to furnish an entry. The sale had been conducted apparently in conformity to law, and the trustee was able

to satisfy the referee that he had obtained the best price possible for it." This statement does not appear under the heading "Findings of. Fact," but as one of the .paragraphs under the title "Conclusions of Law." [1] The following pencil memorandum made by the referee appears upon the form of entry which was placed on file April 5th:

"This entry was filed in the office of the referee on Monday, March 24, 1913, but not signed by the referee because of him being out of the city on that day, and out of his office till April 5th account flood, when it was signed. However, the sale was reported to the referee on Saturday, the 22d of March, and approved, and Mr. Sigler was instructed to prepare appropriate entry at that time."

Mr. Sigler was, presumably, the trustee's attorney, and it seems to be conceded that the referee was not in his office on March 24th, when the memorandum of the entry was left there by the trustee's attorney. The general rule is that an order takes effect from the time of its entry, and an appeal does not ordinarily lie from an order until it is entered; it is otherwise where the order is announced in open court and is understood by the parties, and the failure to enter results from clerical oversight. In this case, the more natural inference from this record is that, while the referee announced his approval of the sale and in that sense confirmed it, it was not understood that the order was regarded as then and there entered; on the contrary, such entry was purposely delayed until the trustee's attorney should draft a form of entry. The latter seems to have taken upon himself that duty, and later performed it. The failure to enter on March 22d was thus not, as between the court and the trustee, the fault of the former, and certainly not due to the court's inadvertence. It was more properly due, as between the court and the trustee, to the delay of the latter's attorney in failing then and there to draft an order and have it entered. The purchaser was not notified of the confirmation, either actually or constructively, as would naturally be the course taken if the action was regarded as a definite and formal confirmation of the purchase and sale. To treat the order in question as one actually made on March 22d, and entered on April 5th, nunc pro tunc as of the earlier date, is not in furtherance of justice, but would result in injustice; for it is not claimed that the purchaser at the trustee's sale had any notice or knowledge of the referee's action of March 22d, and he was thus in no position to complete the purchase and thereupon take the goods into his possession and protect them. They remained in the possession of the trustee, not merely constructively, but actually.

The District Court reached the proper conclusion, and its order should be affirmed.

[1] That the statement so made by the referee that he confirmed the sale at the time it was reported to him was a conclusion of law, and not a finding of fact, is further and plainly to be deduced from his certificate, which as respects the sale merely states: "On March 22, 1913, the trustee reported the sale of same (stock of merchandise), to the E. & J. Margolis Company, and the trustee was advised that the referee considered it proper to confirm such sale, and counsel for the trustee was instructed to prepare an appropriate entry, which was done, and the entry was left in the office of the referee on March 24, 1913, but not signed or docketed by him until April 5, 1913."