SALVATORE MAZZOTTA *vs.* MAX BORNSTEIN ET AL.

First Judicial District, Hartford, October Term, 1926.

\* WHEELER, C. J., CURTIS, MALTBIE and HINMAN, Js.

The Superior Court should carry out specifically the direction of a mandate of this court as interpreted in the light of the opinion. While it may correct a clerical error therein it cannot render a new or different judgment.

Upon a former appeal in the present case (104 Conn. 431) this court set aside the plaintiff's judgment for $14,585.89, which included principal and interest, and in its mandate directed the Superior Court to enter judgment for that amount plus an item of $372 which should have been allowed the plaintiff under his bill of particulars. In carrying out this mandate the Superior Court computed the principal sum of the judgment as of the date when it was due the plaintiff, which was prior to the date of the original judgment, and added interest to the date of the amended judgment. *Held* that the Superior Court misconstrued the mandate which could be interpreted only as directing it to enter judgment in the amount found due by this court plus interest from the date of the judgment appealed from; and that the failure of the defendant to question the allowance of interest in the original judgment either at the trial or upon the appeal precluded him from contesting it at this time.

Argued October 5th—decided November 12th, 1926.

\* By stipulation of counsel this case was heard by four justices.

Mazzotta *v.* Bornstein.

ACTION to foreclose a mechanic's lien, brought to the Superior Court in Middlesex County and tried to the court, *Avery, J.;* judgment for the plaintiff for $15,957, and appeal by the defendants. *Error in part.*

*Ernest A. Inglis,* for the appellants (defendants).

*Francis W. Cole,* with whom was *John C. Parsons,* for the appellee (plaintiff).

WHEELER, C. J. Upon the original trial in the Superior Court there was found due the plaintiff $17,248.54, less certain deductions, upon which amount the court added interest in the sum of $698.52, and rendered its judgment for $14,585.89. Upon appeal this court held the amount of the judgment was correct except as to an item of $372. We thereupon set the judgment aside and remanded the case (104 Conn. 431, 133 Atl. 677), "with direction to enter judgment for the plaintiff for the amount found due him in the judgment appealed from, $14,585.89, with the addition of $372, . . . in all, $14,957.89."

The trial court in carrying out its interpretation of this mandate entered its judgment for $15,957.57, "which sum," the court says in its judgment, "includes $14,259.37, being the balance due the plaintiff on his bill of particulars after deducting items allowed on the defendants' counterclaim in accordance with said opinion of the Supreme Court, and also includes interest in the amount of $1,678.20, being interest on said sum of $14,259.37 from August 14, 1924, to the date of this judgment."

In carrying out the direction of a mandate, the Superior Court is limited to the specific direction of the mandate as interpreted in the light of the opinion. *Coughlin* v. *McElroy,* 72 Conn. 444, 44 Atl. 743;

*Converse* v. *Ætna National Bank,* 79 Conn. 603, 65 Atl. 1064. It may correct a clerical error in the mandate; it cannot render a new or different judgment. Had the judgment in this case been affirmed, interest would have run, as of course, from the date of that judgment, July 6th, 1925. General Statutes, § 5932. The effect of the rescript was to reaffirm the judgment appealed from, $14,585.89, and add to it the sum of $372, and direct judgment for the sum of these, $14,-957.89. This was the judgment which the trial court should have rendered on July 6th, 1925, and had it done so interest would have accrued upon this amount from the date of this judgment. While the rescript did not specify that the judgment as directed bore interest from the date of the judgment appealed from, it can bear no other interpretation; that judgment appealed from was reaffirmed in every particular save only in its being $372 smaller than it should have been.

In carrying out the mandate, the Superior Court took the sum of the items which upon the trial had been found due as of August 14th, 1924, $17,248.54, and deducted from this sum the deductions which the trial court found should be made, $3,361.17, and added thereto the item of $372, in accordance with our former opinion, and rendered judgment upon that balance, $14,259.37, plus interest thereon from August 14th, 1924, the date when the trial court found this amount to be due, down to August 1st, 1926, the date of the judgment rendered under the mandate of this court. The court was in error in its inclusion of interest upon the $14,259.37, from the date when the trial court found it to have become due to the date of judgment on the mandate.

The court had no concern in the awarding of interest prior to the date of the judgment appealed from. That had been considered and determined by the trial court

and its judgment including such interest had been sustained upon appeal to this court. Further, the defendant-appellants did not contest the interest thus allowed. Its allowance not having been raised in the trial court, nor in this court on the appeal, cannot be raised at this time. General Statutes, § 5837; *Valente v. Opper,* 101 Conn. 470, 479, 126 Atl. 706; *Raymond v. Bailey,* 98 Conn. 201, 208, 209, 118 Atl. 915. The difference in the result obtained by carrying out the method as outlined in the mandate, from that obtained by the court, is not large, but the method used in obtaining that result is incorrect.

There is error in part, the judgment of the Superior Court is set aside and that court directed to render its judgment for $14,957.89 with interest from July 6th, 1925.

In this opinion the other judges concurred.