RICHARD H. IRELAND, ADMINISTRATOR, (ESTATE OF AURELIO D. RICCI) *vs.* THE CONNECTICUT COMPANY ET AL.

Third Judicial District, Bridgeport, October Term, 1930.
* MALTBIE, HAINES, HINMAN and BANKS, JS.

Argued November 7th—decided December 12th, 1930.

* By agreement of counsel this case was heard by four justices.

*John H. Gardner, Jr.,* with whom, on the brief, was *Edward R. Brumley,* for the appellant (defendant The Connecticut Company).

*William F. Tammany,* for the appellee (plaintiff).

MALTBIE, J.  This was an action brought to recover damages for personal injuries from the defendant The Connecticut Company and the City of Stamford.  A verdict was rendered for the plaintiff against The Connecticut Company and for the City of Stamford.  The trial court upon motion of the company set the verdict against it aside.  Upon appeal to this court the verdict for the city was sustained, but error was found in the setting aside of the verdict against the company and the case was remanded with direction to enter judgment upon the verdict against it.  The trial court did not enter judgment for the amount found due in the verdict but for that amount with the addition of interest from the date of the verdict to the time of payment.  The judgment so rendered was not one upon the verdict and therefore was not in accordance with the mandate of this court, which the trial court was bound to follow.  *Mazzotta* v. *Bornstein,* 105 Conn. 242, 135 Atl. 38.

Upon the rendition of the verdict against the company, the plaintiff became legally entitled to have judgment entered thereon.  Thereupon he became entitled to receive the money found due and justice required that he be compensated for the withholding of it from him.  *Stoddard* v. *Sagal,* 86 Conn. 346, 350, 85 Atl. 519.  Our statutes recognize this, where a motion to set aside a verdict is denied by the trial court and its action is sustained upon appeal, by requiring the payment of interest from the date of the rendition of the verdict; General Statutes, § 5781; and the same

considerations dictate a similar allowance in such a situation as is here presented. The delay in entering judgment was due to the motion of the company to set the verdict aside, the erroneous action of the trial court in granting that motion, and the necessary time thereafter taken in prosecuting and determining the appeal. The situation was one justifying the entry of judgment *nunc pro tunc,* if necessary to do justice to the parties. "The underlying principle on which judgments *nunc pro tunc* are sustained is that such action is necessary in furtherance of justice and in order to save a party from unjust prejudice . . . caused by the acts of the court or the course of judicial procedure. In other words, the practice is intended merely to make sure that one shall not suffer for an event which he could not avoid." *In re Finks,* 224 Fed. 92, 93. This court might well have directed the entry of the judgment in this way when the former appeal was before it. As the matter has now come before us again, such an order should now be made. Though the judgment will thus, as to the running of interest, become effective as of the date of the rendition of the verdict, the time for the issuance of execution will run from its actual entry; *Borer* v. *Chapman,* 119 U. S. 587, 602, 7 Sup. Ct. 342; and upon that execution interest will be collectible upon the judgment. General Statutes, § 5781.

There is error, the judgment is set aside, and the case remanded with direction to enter judgment for the plaintiff against The Connecticut Company *nunc pro tunc,* as of the date of the rendition of the verdict.

In this opinion the other judges concurred.