GARY EXCAVATING COMPANY *v.* TOWN OF NORTH HAVEN ET AL.

HOUSE, C. J., RYAN, SHAPIRO, LOISELLE and MACDONALD, Js.

Argued June 7—decided July 18, 1972

*Howard F. Zoarski,* for the appellant (plaintiff).

*John W. Barnett,* with whom was *Basil R. Duncan,* for the appellees (defendants).

MacDonald, J. This appeal arises out of a dispute between the plaintiff, Gary Excavating Company, and the defendants the town of North Haven and the North Haven sewer commission over additional compensation claimed to be due under a contract to construct sewers. The dispute went to arbitration where, on June 23, 1969, the arbitration panel awarded the plaintiff additional compensation of $150,000. The plaintiff thereafter moved to vacate the award and, on September 3, 1970, the Superior Court ordered the award vacated. The defendants appealed from that order and this court, in an opinion announced March 2, 1971, reversed the order and directed that the judgment be set aside and the case remanded with direction "to render judgment confirming the award." *Gary Excavating Co.* v. *North Haven,* 160 Conn. 411, 414, 279 A.2d 543. On November 26, 1971, the plaintiff moved to confirm the original award in accordance with the mandate of this court and, in addition, claimed interest there-

430

on from June 23, 1969, the date of the award, or, in the alternative, from the date of the mandate of this court. The court rendered judgment for $150,000 on December 3, 1971, but refused to award interest on that sum. On December 6, 1971, the defendant paid the plaintiff the sum of $150,000 without interest and the plaintiff claims error in the refusal of the court to order the payment of interest.

On a remand for judgment, the trial court ordinarily is not permitted to deviate from the directions of this court. "In carrying out the direction of a mandate [of the Supreme Court], the Superior Court is limited to the specific direction of the mandate as interpreted in the light of the opinion." *Mazzotta* v. *Bornstein,* 105 Conn. 242, 243, 135 A. 38. "No judgment other than that directed or permitted by the reviewing court may be rendered, even though it may be one that the appellate court might have directed." *Nowell* v. *Nowell,* 163 Conn. 116, 121, 302 A.2d 260.

Where justice requires, however, the court should order interest nunc pro tunc. " 'The underlying principle on which judgments *nunc pro tunc* are sustained is that such action is necessary in furtherance of justice and in order to save a party from unjust prejudice . . . caused by the acts of the court or the course of judicial procedure. In other words, the practice is intended merely to make sure that one shall not suffer for an event which he could not avoid.' *In re Finks,* 224 Fed. 92, 93 [6th Cir.]." *Ireland* v. *Connecticut Co.,* 112 Conn. 452, 454, 152 A. 614. The question here presented, then, is whether we should, at this time, without requiring further action by the plaintiff, order the payment of interest nunc pro tunc either from the date of the original award or from the date of this court's mandate.

Of the two relevant statutes involved, § 52-349 of the Connecticut General Statutes entitled "Interest on judgments collected on executions" provides: "Legal interest on the amount of the judgment shall be collected on the execution issued thereon; and, in any case in which judgment is entered upon a verdict after the trial court has denied a motion to set it aside and, upon an appeal from such denial to the supreme court, that ruling has been affirmed, or after the trial court has granted such a motion but its ruling has been reversed upon such an appeal, legal interest upon the amount of the verdict from the time it was rendered shall be collected on the execution upon the judgment." Section 52-421, entitled "Record to be filed with clerk of court," provides in pertinent part:[1] "The judgment or decree [in an arbitration proceeding] so entered shall have the same force and effect in all respects as, and be subject to all the provisions of law relating to, a judgment or decree in a

---

[1] "[General Statutes] Sec. 52-421. RECORD TO BE FILED WITH CLERK OF COURT. Any party applying for an order confirming, modifying or correcting an award shall, at the time such order is filed with the clerk for the entry of judgment thereon, also file the following papers with the clerk: (a) The agreement, the selection or appointment, if any, of an additional or substitute arbitrator or an umpire, any written agreement requiring the reference of any question as provided in section 52-415, and each written extension of the time, if any, within which to make the award; (b) the award; (c) each notice and other paper used upon an application to confirm, modify or correct the award and a copy of each order of the court upon such an application. The judgment or decree shall be docketed as if it were rendered in a civil action. The judgment or decree so entered shall have the same force and effect in all respects as, and be subject to all the provisions of law relating to, a judgment or decree in a civil action; and it may be enforced as if it had been rendered in a civil action in the court in which it is entered. When the award requires the performance of any other act than the payment of money, the court or judge entering such judgment or decree may direct the enforcement thereof in the manner provided by law for the enforcement of equitable decrees."

civil action; and it may be enforced as if it had been rendered in a civil action in the court in which it is entered."

It seems quite clear that § 52-421 gives to a judgment rendered on an arbitration award the full status of a judgment for the purposes of § 52-349. "Statutes are to be construed in light of their legislative history, language, the purpose they are to serve, and the circumstances surrounding their enactment. *Connecticut Light & Power Co.* v. *Sullivan,* 150 Conn. 578, 581, 192 A.2d 545; *Mack* v. *Saars,* 150 Conn. 290, 294, 188 A.2d 863; *Oppenheimer* v. *Connecticut Light & Power Co.,* 149 Conn. 99, 102, 176 A.2d 63." *Hartford Electric Light Co.* v. *Water Resources Commission,* 162 Conn. 89, 97, 291 A.2d 721. The purpose of § 52-421 clearly dictates that a judgment based on an arbitration award is to be placed on an equal footing with a judgment rendered in a civil action. Since § 52-349 obviously is a "[provision] of law relating to . . . a judgment or decree in a civil action" (§ 52-421), a judgment based on an arbitration award is "subject" to its provisions.

Accordingly, we hold that the plaintiff is entitled to interest under the relevant statutes from the date of judgment on the award and further, that on the facts of this case, the effective date of the judgment is the date on which there was rendered in the Superior Court in New Haven our mandate "to render judgment confirming the award." The date of release of our opinion was March 2, 1971, and judgment was not rendered on the award until that date, the effective date of judgment, therefore, being March 2, 1971, rather than December 3, 1971.

The trial court was not directed by the remand to consider the question of interest and properly declined to do so. In the interest of avoiding further

litigation, however, we note that under the provisions of § 52-349 interest should run from March 2, 1971, until the date of payment.

There is no error.

In this opinion the other judges concurred.