[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The present proceedings arise out of arbitration proceedings between The New Paradigm, Inc. ("Paradigm") and John Irvine ("Irvine") pursuant to an Agreement between the parties which provided, in Paragraph 16 thereof, that "any claim or controversy between the parties hereto arising out of or relating to this Agreement, or the breach thereof, or in any way related to the terms and conditions of this Agreement, shall be settled by arbitration under Connecticut law." Pursuant to that provision, an CT Page 5995 arbitration proceeding was held which resulted in an award of damages in favor of Irvine in the amount of $301,031.
In January of 1992, both parties filed applications to correct the award and the separate actions have been consolidated.
On February 21, 1992 the arbitrator issued a supplemental award noting that the parties jointly requested the issuance of a supplemental award with respect to the calculation of interest and a clarification of the assessment of damages. In the supplemental award, the arbitrator increased the interest award from $70,237 to $101,262 calculating interest at the rate of 10% from August 12, 1988 (the date of the claimed wrongful termination) to December 23, 1991 (the date of the initial award of the arbitrator). The arbitrator also clarified the basis of the award of damages and confirmed the initial award of damages in the amount of $301,031 plus interest. Paradigm seeks correction of the award in the respects hereinafter discussed and Irvine now seeks confirmation of the award.
Paradigm claims that the award of the arbitrator does not contain sufficiently definite findings to sustain an award of damages. However, there is no rule that requires the arbitrator to have made a finding of facts. Von Langendorff v. Riordan,147 Conn. 524, 527 (1960). The arbitrator is only required to render an award and a statement of the means by which that award is reached is unnecessary unless the submission requires such a statement. Gary Excavating Co. v. North Haven, 160 Conn. 411, 414
(1971), appeal after remand, 163 Conn. 428 (1972). The court therefore finds no basis upon which to vacate or modify the award of damages in the amount of $301,031.
The award of the arbitrator indicates that the damage award included damages (1) for gross profits for two years after the termination of the employment of Irvine; (2) for mill discounts, and (3) for termination commissions due to Irvine on pretermination sales. The award of interest was made by the arbitrator from the date of termination (August 12, 1988). Paradigm asserts that the sums due to Irvine under the award would have been due and payable at varying periods of time after the date of termination and, accordingly, the arbitrator erred in ordering an award of interest beginning on that date.
Under General Statutes 52-419(a) the court "shall make an order modifying or correcting the award" if it finds any of the following defects: "(1) If there has been an evident material miscalculation of figures or an evident material mistake in the description of any person, or thing, or property referred to in the award;" In the present case the court is unable to conclude, even if it were entitled to do so, that there is no possible factual CT Page 5996 pattern that would justify an award of interest beginning on the date of termination. Even if a mistake or miscalculation were determined to exist, there is no factual basis upon which the court could enter an order which would "modify or correct" that award. Accordingly, the court finds that there is no "miscalculation" or "mistake" evident in the award within the meaning of General Statutes 52-419(a)(1).
General Statutes 52-418 provides that the court shall make an order vacating the award if it finds any of the following defects:
 "(1) If the award has been procured by corruption, fraud or undue means; (2) if there has been evident partiality or corruption on the part of any arbitrator; (3) if the arbitrators have been guilty of misconduct in refusing to postpone the hearing upon sufficient cause shown or in refusing to hear evidence pertinent and material to the controversy or of any other action by which the rights of any party have been prejudiced; or (4) if the arbitrators have exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made."
There is no basis in the record before the court which support a finding of any of the above listed defects and the court is not justified in vacating the award under the provisions of General Statutes 52-418.
The agreement to arbitrate which existed in the Agreement between the parties is broad and all encompassing. It is not for the court to change the arbitrator's determination. Arbitrators are chosen by the parties because of special knowledge or skill and, unless made a condition of the submission, they are not bound to follow strict rules of law. Liggett v. Torrington Building Co.,114 Conn. 425, 432 (1932). If a voluntary submission is unrestricted the arbitrators are not required to decide according to law and the award cannot be reviewed for errors of law or fact. Bridgeport v. Bridgeport Police Local 1159, 183 Conn. 102, 106
(1981); Twin Towers Associates v. Gilbert Switzer Associates,11 Conn. App. 538, 540 (1985). The submission in the present case was to be performed "under Connecticut Law" which limits the function of the court to situations not here present.
Accordingly, the Motion to Confirm the Arbitration Award is granted and all other pending motions are denied.
RUSH, J. CT Page 5997