ROBERT L. PATRON ET AL. *v.* SIMON
KONOVER ET AL.
(15057)

O'Connell, Lavery and Hennessy, Js.

Argued September 20—officially released December 3, 1996

*Richard C. Robinson*, with whom was *Wesley W. Horton*, for the appellants-appellees (defendants).

*Richard P. Weinstein*, with whom were *Nathan Schatz* and, on the brief, *Peter B. Rustin*, for the appellees (plaintiffs).

LAVERY, J. The controlling issue in this appeal is whether the trial court, on remand from this court, exceeded the specific directions of our mandate. We agree with the defendants that the trial court exceeded our mandate and we reverse that court's judgment in part.

The plaintiffs brought suit to recover for the defendants' alleged breach of a contract concerning the defendants' purchase of the plaintiffs' interests in real properties and business entities. On December 30, 1992, the trial court, *O'Neill, J.*, rendered judgment for the plaintiffs in the amount of $2,874,334.27 plus costs. On April 5, 1993, that court granted the plaintiffs' motion for a supplemental attachment of certain of the defendants' real and personal property. On appeal, this court reversed the trial court's judgment in part and remanded the case for further proceedings to recompute the award of damages after eliminating the award of prejudgment interest for the seven day delay in closing, eliminating the Andrews Annex project credit of $182,963.67 and related interest, and eliminating prejudgment interest for the time prior to the plaintiffs'

sending the defendants notice of default pursuant to the default provisions of the termination contract. *Patron* v. *Konover*, 35 Conn. App. 504, 646 A.2d 901, cert. denied, 231 Conn. 929, 648 A.2d 79 (1994). Following the remand from this court, the plaintiffs filed a motion in the trial court for attorney's fees incurred in pursuing the supplemental attachment and in defending the appeal.

On remand, the trial court, *Blue, J.*, issued three separate memoranda of decision trying to untangle the complicated requests in this case. On March 17, 1995, the court determined that notice of the default under the parties' contract was sent in a letter on May 9, 1991, and not in a November 30, 1990 letter. The court denied the plaintiffs' motion for costs and their request for appellate counsel fees, and entered a supplemental award of attorney's fees of $3525 for the plaintiffs' pursuit of the supplemental attachment. On April 24, 1995, the court concluded that for purposes of determining the "amount recovered" under the offer of judgment statute, General Statutes § 52-192a (b),[1] the interest under General Statutes § 37-3a[2] accruing after the initial

[1] General Statutes § 52-192a (b) provides: "After trial the court shall examine the record to determine whether the plaintiff made an 'offer of judgment' which the defendant failed to accept. If the court ascertains from the record that the plaintiff has recovered an amount equal to or greater than the sum certain stated in his 'offer of judgment', the court shall add to the amount so recovered twelve per cent annual interest on said amount, computed from the date such offer was filed in actions commenced before October 1, 1981. In those actions commenced on or after October 1, 1981, the interest shall be computed from the date the complaint in the civil action was filed with the court if the 'offer of judgment' was filed not later than eighteen months from the filing of such complaint. If such offer was filed later than eighteen months from the date of filing of the complaint, the interest shall be computed from the date the 'offer of judgment' was filed. The court may award reasonable attorney's fees in an amount not to exceed three hundred fifty dollars, and shall render judgment accordingly. This section shall not be interpreted to abrogate the contractual rights of any party concerning the recovery of attorney's fees in accordance with the provisions of any written contract between the parties to the action."

[2] General Statutes § 37-3a provides: "Rate recoverable as damages. Except as provided in sections 37-3b, 37-3c and 52-192a, interest at the rate of ten

judgment and the supplemental award of attorney's fees were to be included.

On June 27, 1995, the trial court issued a memorandum concerning a $1,350,000 payment made on April 23, 1993, by the defendants to the plaintiffs in partial satisfaction of the judgment. The court concluded that that payment was part of the amount recovered for purposes of § 52-192a (b). The court concluded that the 1993 payment should be initially applied to interest, costs, and attorney's fees incurred or accrued at the time of payment. The interest accrued from May 9, 1991, through April 23, 1993, was to be calculated, as well as costs and attorney's fees incurred through that date, including the $3525 supplemental attorney's fees award. The court concluded that after deductions for interest, costs, and attorney's fees incurred or accrued through April 23, 1993, the balance of the payment of that date was to be applied to principal. Prejudgment interest under § 37-3a would then be calculated on the new principal balance from April 23, 1993, until the date of the judgment rendered by Judge Blue. Offer of judgment interest, pursuant to § 52-192a (b), would be awarded if the amount recovered, including the principal amount—adjusted pursuant to the appellate remand—prejudgment interest on that amount from May 9, 1991, until April 23, 1993, attorney's fees, and prejudgment

---

per cent a year, and no more, may be recovered and allowed in civil actions or arbitration proceedings under chapter 909, including actions to recover money loaned at a greater rate, as damages for the detention of money after it becomes payable. Judgment may be given for the recovery of taxes assessed and paid upon the loan, and the insurance upon the estate mortgaged to secure the loan, whenever the borrower has agreed in writing to pay such taxes or insurance or both. Whenever the maker of any contract is a resident of another state or the mortgage security is located in another state, any obligee or holder of such contract, residing in this state, may lawfully recover any agreed rate of interest or damages on such contract until it is fully performed, not exceeding the legal rate of interest in the state where such contract purports to have been made or such mortgage security is located."

interest on the remaining principal due after the April 23, 1993 payment was equal to or greater than the offer of judgment. The parties were ordered to submit new calculations within one week of that memorandum of decision, and, if they could not agree, another hearing would be scheduled.

On July 19, 1995, the court rendered judgment in favor of the plaintiffs in the amount of $3,087,536.96 including interest pursuant to § 52-192a. The defendants now appeal from that judgment, and the plaintiffs subsequently filed a cross appeal.

The defendants' appeal concerns five issues: (1) whether the court on remand exceeded its authority by awarding damages for the detention of money after the termination date established by the original trial court; (2) whether the court on remand had jurisdiction to award supplemental attorney's fees for the supplemental attachment proceedings; (3) whether the court improperly refused to permit an amendment to their answer to include the $1,350,000 payment; and (4) whether the court's treatment of that payment was proper.[3] The plaintiffs raised one issue in their cross appeal: whether the trial court improperly took into consideration the $1,350,000 unconditional partial satisfaction of judgment in determining interest under § 37-3a. The plaintiffs withdrew their cross appeal at oral argument and thus we will not consider it.

I

The defendants first claim that the court exceeded its authority on remand by awarding damages for the detention of money after the termination date established by the original trial court. The fundamental issue that must be resolved in this case is whether the

---

[3] The plaintiffs also claimed that the offer of judgment was invalid. Because that claim was not raised in the prior appeal to this court, it is not properly before us.

rescript, which was originally issued by this court in *Patron* v. *Konover*, supra, 35 Conn. App. 520, was a modification of the original decision or a new judgment. The defendants contend that on remand the trial court was given the limited command of determining the proper commencement date in order to recompute the § 37-3a damages. The plaintiffs argue, however, that the rescript allowed the court to award new and additional damages, as if there were to be a new trial on this issue.

The plaintiffs had made an offer of judgment pursuant to § 52-192a in the amount of $1,881,041.15. The judgment by Judge O'Neill in the amount of $2,874,334.20, included $469,000 in § 52-192a interest. The defendants claim that Judge Blue incorrectly set a new terminus date of July 19, 1995, which is the date on which Judge Blue rendered judgment on the record. The defendants claim that the original judgment date set by Judge O'Neill, December 30, 1992, is the terminus date and that the remand did not give the trial court authority to change it to July 30, 1995, which resulted in additional § 37-3a interest and, as a result thereof, additional § 52-192a interest.

We conclude that the trial court exceeded its jurisdiction in awarding damages for the detention of money after the termination date established by the original trial court. " 'In carrying out the direction of a mandate [of the Supreme Court], the Superior Court is limited to the specific direction of the mandate interpreted in the light of the opinion.' " *Gary Excavating Co.* v. *North Haven*, 163 Conn. 428, 430, 311 A.2d 90 (1972). Furthermore, "[t]he trial court cannot adjudicate rights and duties not within the scope of the remand. . . . It is the duty of the trial court on remand to comply strictly with the mandate of the appellate court according to its true intent and meaning. No judgment other than that directed or permitted by the reviewing court may be rendered, even though it may be one that the appel-

late court might have directed. The trial court should examine the mandate and the opinion of the reviewing court and proceed in conformity with the views expressed therein. . . ." (Citations omitted; internal quotation marks omitted.) *West Haven Sound Development Corp.* v. *West Haven*, 207 Conn. 308, 312, 541 A.2d 858 (1988).

This court's rescript in *Patron* v. *Konover*, supra, 35 Conn. App. 520, provides: "The judgment is reversed in part and the case is remanded for further proceedings to recompute the award of damages after eliminating the award of prejudgment interest for the seven day delay in closing, eliminating the Andrews Annex project credit of $182,963.67 and related interest, and eliminating all prejudgment interest prior to the plaintiffs' sending the defendants notice of default pursuant to the default provisions of their termination contract." Nowhere in this order does this court permit or direct the trial court to conduct a new trial on the issue of additional damages. The first appeal was limited in terms of the issues raised and the relief requested. The defendants did not challenge Judge O'Neill's conclusions on cash adjustments ($1,266,271.87), on a Coventry project ($29,745.18), on major obligations other than the Andrews Annex ($236,770.48) and on attorney's fees ($91,682.36). Furthermore, the defendants' challenge to the award of § 37-3a interest concerned only the commencement date. See id., 517–18.

This court did authorize the trial court on remand to find the proper commencement date of the interest, as mentioned in a footnote to the rescript, which stated: "Although the defendants concede that the May 9, 1991 letter was a notice of default, it is for the trial court to determine whether that or some earlier document constitutes the requisite notice." Id., 520 n.13. This court's authorization to set a new commencement date, however, did not direct the trial court to find a new

terminus date as well. The order to set a new commencement date, coupled with the phrase "recompute the award of damages" in the rescript, orders a recalculation and not a new trial on the issue of § 37-3a damages.

In *Mazzotta* v. *Bornstein*, 105 Conn. 242, 244, 135 A. 38 (1926), our Supreme Court clearly established that when there is a rescript that modifies the judgment, postjudgment interest is to run from the date of the original judgment. It should be as if the correct judgment had been issued by the original trial court, with the interest running forward from that date.

Our Supreme Court in *Butler* v. *Barnes*, 61 Conn. 399, 402, 24 A. 328 (1892), concluded that even when a rescript orders a new trial on the issue of damages, a retrial on any other issue is prohibited. A trial court is not permitted to retry an issue even when the rescript does not explicitly prohibit it. Therefore, even though this court did not prohibit retrying the issue of damages in the rescript, the trial court was not authorized to set a new terminus date and to award the plaintiffs further damages.

The plaintiffs, however, rely on *Lutynski* v. *B. B. & J. Trucking, Inc.*, 31 Conn. App. 806, 628 A.2d 1 (1993), aff'd, 229 Conn. 525, 642 A.2d 7 (1994), for the proposition that if this court wanted prejudgment interest to end with the date of the original judgment, it would have specifically said so in the rescript. *Lutynski* dealt with the award of § 52-192a damages and does not speak to the issue in the present case, the authorization to award new and additional § 37-3a damages. Furthermore, both the *Lutynski* rescript and the remand in the present case, using language appropriate to each, directed the trial court to correct a judgment that had been computed incorrectly.

In sum, this court did not specifically authorize a new trial on the issue of § 37-3a additional damages. The trial court was merely authorized to determine the proper commencement date, and then to calculate the appropriate amount of damages. In our previous rescript, the trial court was not given the jurisdiction to set a new terminus date, and thereby to award new and additional damages to the plaintiffs.

II

The defendants' second claim is that the trial court exceeded its authority when it awarded the plaintiffs attorney's fees for the supplemental attachment proceedings that followed the original judgment. Judge Blue found that the plaintiffs were successful in pursuing a supplemental attachment, which had been ordered by Judge O'Neill on April 5, 1993. In a memorandum of decision, Judge Blue found that a motion for attorney's fees is not a motion to modify a judgment, nor is it subject to the four month rule of General Statutes § 52-212 (a), and he found that the timing of the motion created no unfair surprise or prejudice to the defendants. Judge Blue also found that the contract as amended provides for reasonable attorney's fees for the nondefaulting party, that the plaintiffs were the nondefaulting party and that, based on the evidence, $3525 was a reasonable amount. We agree with the trial court, the findings and conclusions of which are consistent with our Supreme Court's recent holding in *Oakley* v. *Commission on Human Rights & Opportunities*, 237 Conn. 28, 675 A.2d 851 (1996). Because that award was made in connection with postjudgment proceedings that took place after the motion for § 52-192a (b) interest, it cannot be considered part of the amount recovered for purposes of that statute.

This court's decision concerning the defendants' first two claims is dispositive as to the remainder of the issues raised on appeal.

Having determined that the commencement date for prejudgment interest was May 9, 1991, the trial court must calculate the amount recovered for purposes of § 52-192a (b) as follows: the adjusted principal amount plus attorney's fees, not including the $3525 supplemental award, plus prejudgment interest pursuant to § 37-3a from May 9, 1991, until December 30, 1992, the date of Judge O'Neill's judgment.

The judgment is reversed in part and the case is remanded for a recalculation of damages consistent with this opinion.

In this opinion the other judges concurred.