[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON PLAINTIFFS' "MOTION FOR THE CORRECTION OF THE JUDGMENT"
The court entered judgment in the above-captioned case on June 4, 1999. On August 10, 1999, the plaintiffs filed a motion titled "Motion for the Correction of the Judgment." The defendant has raised no claim concerning the timeliness of the motion nor the jurisdiction of this court to decide it, but objects to the substance of the motion.
The plaintiffs recovered a jury verdict on their claim that the civil rights of their decedent, Michael Towns, had been violated by defendant William Lowe. After the verdict, the plaintiffs submitted an application for an award of attorney's fees pursuant to 42 U.S.C. § 1988. The court awarded such fees and, noting that the plaintiffs had filed an offer of judgment in an amount less than the amount of the jury verdict, calculated interest on the amount of the jury verdict and included such interest in the judgment. The plaintiffs now assert that the award of attorney's fees was part of the amount recovered and that interest pursuant to Conn. Gen. Stat. §52-192a, the offer of judgment statute, should be calculated on the sum of the jury verdict and the attorney's fees awarded.
Conn. Gen. Stat. § 52-192a provides that if a plaintiff "has recovered an amount equal to or greater than the sum certain stated in his `offer of judgment', the court shall add to the amount so recovered twelve per cent annual interest on said amount, computed from the date such offer was filed . . . if the `offer of judgment' was filed not later than eighteen months from the filing of such complaint." Pursuant to 42 U.S.C. § 1988, attorney's fees are recovered by the plaintiff, not by the attorney, just as contractual attorney's fees are recovered by a plaintiff.
The court finds that the Appellate Court has interpreted § 52-192a to include awards of attorney's fees in the "amount recovered" for purposes of calculating the interest on the offer of judgment. Patron v. Konover, 43 Conn. App. 645, 654 (1996), cert. denied, 240 Conn. 911 (1997); Gillis v. Gillis,21 Conn. App. 549, 551, cert. denied, 215 Conn. 815 (1990); Edward DenikeCT Page 12084Tree Co. v. Butler, 21 Conn. App. 366, 367 (1990). The Appellate Court in Patron v. Konover, 43 Conn. App. at 654, ruled that the trial court must calculate the amount recovered for purposes of § 52-192a(b) on the basis of the adjusted principal amount of the damages, plus attorney's fees, plus prejudgment interest pursuant to § 37-3a, from the date of the offer of judgment to the date of the original judgment entered. Applying that formulation, the amount recovered by the plaintiffs in the case before this court is $222,734.50 ($100,408.00 in compensatory and punitive damages plus $122,326.50 in attorney's fees). Interest on $222,734.50 from August 4, 1995, to the date of judgment, June 4, 1999, is $102,457.87.
Conclusion
The judgment is hereby corrected such that the total amount of the judgment is $325,192.37, plus court costs previously awarded after adjudication of the plaintiffs' bill of costs.
Beverly J. Hodgson Judge of the Superior Court