ALFRED MARULLI ET AL. *v.* WOOD FRAME
CONSTRUCTION COMPANY, LLC
(AC 30795)

Gruendel, Beach and West, Js.

---

506

Argued May 25—officially released October 19, 2010

*Sean E. Donlan,* for the appellant (defendant).

*John J. Carta, Jr.,* for the appellees (plaintiffs).

*Opinion*

GRUENDEL, J. The defendant, Wood Frame Construction Company, LLC, appeals from the judgment of the trial court vacating the arbitration award in favor of the defendant for breach of a construction contract (contract) by the plaintiffs, Alfred Marulli and Barbara Marulli.[1] On appeal, the defendant claims that the court improperly (1) determined that the arbitrator committed misconduct in summarily closing the arbitration proceedings without providing the plaintiffs an adequate opportunity to present their case and (2) vacated the arbitration award without remanding the case to the arbitrator to determine the threshold issue of whether the contract complied with the Home Improvement Act (act).[2] We reverse the judgment of the trial court.

In the summer of 2006, the defendant commenced arbitration proceedings pursuant to the contract against the plaintiffs before Michael F. Giordano, an arbitrator appointed by the American Arbitration Association. Of principal legal significance during the proceedings was whether the contract was valid under the act. Nevertheless, that issue often was overshadowed by disagreements between the plaintiffs and Giordano with respect to various aspects of the arbitration, such that in August, 2006, the plaintiffs moved to disqualify Giordano on grounds of partiality and impropriety.[3]

Despite the disagreements, the parties continued with arbitration into January, 2007, when a tentative

---

[1] Although we refer to the parties according to their designations in the trial court, it is helpful to note that the defendant initially commenced proceedings as the plaintiff in the underlying arbitration.

[2] See General Statutes § 20-418 et seq.

[3] The record is devoid of any ruling as to this motion. However, because Giordano continued to serve as arbitrator well after August 2, 2006, we presume the motion was denied.

settlement was reached. Then, in July, 2007, the defendant requested a new arbitration hearing, to which the plaintiffs objected. On August 28, 2007, Giordano held a conference call with the parties to consider the plaintiffs' objection, after which he concluded that enough information had been presented to render a decision without the need for further proceedings of any kind. Subsequently, Giordano awarded the defendant $200,000 for breach of the contract.

In January, 2008, the plaintiffs filed an application to vacate the arbitration award, and the court initially denied that application, confirming the original award of $200,000. The plaintiffs then filed a motion to reargue, which the court granted on June 4, 2008. In so doing, the court vacated its previous order, ruling that Giordano had failed "to consider the enforceability of the contract in light of the alleged violations of the [act]" and therefore "failed to comply with the rule of *Nussbaum* v. *Kimberly Timbers, Ltd.*, 271 Conn. 65, 856 A.2d 364 (2004) . . . ."[4] Finally, on January 29, 2009, in a memorandum of decision, the court affirmed its June 4 ruling, granting the plaintiffs' application to vacate and adding that Giordano had "summarily closed the [arbitration] hearing . . . without providing the plaintiffs a full and fair opportunity to question the defendant and present evidence of their own" in contravention of General Statutes § 52-418 (a) (3). This appeal followed.

I

The defendant first claims that the court improperly vacated the arbitration award pursuant to § 52-418 (a)

_____

[4] Although the court's June 4, 2008 order states that the arbitration award is "vacated," this determination was only made pursuant to the plaintiffs' motion to reargue. Accordingly, the court's June 4, 2008 ruling does not address the merits of the plaintiffs' arguments for vacating the arbitration award. Rather, the governing decision in this respect is the January 29, 2009 memorandum of decision.

(3) because the record was insufficient to permit a ruling as to the propriety of the arbitrator's decision to close the arbitration as of August 28, 2007. We agree.

We begin with the applicable legal principles and standard of review governing our analysis. Our Supreme Court has stated: "[F]or many years [we have] whole-heartedly endorsed arbitration as an effective alternative method of settling disputes intended to avoid the formalities, delay, expense and vexation of ordinary litigation. . . . When arbitration is created by contract, we recognize that its autonomy can only be preserved by minimal judicial intervention. . . . Because the parties themselves, by virtue of the submission, frame the issues to be resolved and define the scope of the arbitrator's powers, the parties are generally bound by the resulting award. . . . Since the parties consent to arbitration, and have full control over the issues to be arbitrated, a court will make every reasonable presumption in favor of the arbitration award and the arbitrator's acts and proceedings. . . . The party challenging the award bears the burden of producing evidence sufficient to invalidate or avoid it . . . . [W]e have . . . recognized three grounds for vacating an [arbitrator's] award: (1) the award rules on the constitutionality of a statute . . . (2) the award violates clear public policy . . . or (3) the award contravenes one or more of the statutory proscriptions of § 52-418. . . ."[5]

---

[5] General Statutes § 52-418 (a) provides in relevant part: "Upon the application of any party to an arbitration, the superior court . . . shall make an order vacating the award if it finds any of the following defects: (1) If the award has been procured by corruption, fraud or undue means; (2) if there has been evident partiality or corruption on the part of any arbitrator; (3) if the arbitrators have been guilty of misconduct in refusing to postpone the hearing upon sufficient cause shown or in refusing to hear evidence pertinent and material to the controversy or of any other action by which the rights of any party have been prejudiced; or (4) if the arbitrators have exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made."

"[A]rbitrators are accorded substantial discretion in determining the admissibility of evidence, particularly in the case of an unrestricted submission, which relieve[s] the arbitrators of the obligation to follow strict rules of law and evidence in reaching their decision. . . . *Indeed, it is within the broad discretion of arbitrators to decide whether additional evidence is required or would merely prolong the proceedings unnecessarily.* . . . This relaxation of strict evidentiary rules is both necessary and desirable because arbitration is an informal proceeding designed, in part, to avoid the complexities of litigation. Moreover, arbitrators generally are laypersons who bring to these proceedings their technical expertise and professional skills, but who are not expected to have extensive knowledge of substantive law or the subtleties of evidentiary rules. . . .

"A trial court's decision to vacate an arbitrator's award under § 52-418 involves questions of law and, thus, we review them de novo. . . . To establish that an evidentiary ruling, or lack thereof, rises to the level of misconduct prohibited by § 52-418 (a) (3) requires more than a showing that an arbitrator committed an error of law. . . . Rather, a party challenging an arbitration award on the ground that the arbitrator refused to receive material evidence must prove that, by virtue of an evidentiary ruling, he was in fact deprived of a full and fair hearing before the [arbitrator]. . . .

"[T]o vacate an arbitrator's award on the ground of misconduct under § 52-418 (a) (3), the moving party must establish that it was substantially prejudiced by the improper ruling. . . . This requirement that the moving party establish substantial prejudice is consistent with the showing that this court requires to order a new trial when a trial court makes an improper evidentiary ruling in a civil trial. . . . In such cases, a new trial will be ordered only when the improper evidentiary

ruling [likely] would [have] affect[ed] the result." (Citations omitted; emphasis added; internal quotation marks omitted.) *Bridgeport* v. *Kasper Group, Inc.*, 278 Conn. 466, 473–77, 899 A.2d 523 (2006).

"Our inquiry, however, does not end here. . . . The concept of arbitral misconduct does not lend itself to a precise definition but is, instead, best illustrated by example. . . . Among the actions that have been found to constitute such misconduct on the part of an arbitrator as would warrant vacating an arbitration award are the following: participation in ex parte communications with a party or a witness, without the knowledge or consent of the other party . . . ex parte receipt of evidence as to a material fact, without notice to a party . . . holding hearings or conducting deliberations in the absence of a member of an arbitration panel, or rendering an award without consulting a panel member . . . undertaking an independent investigation into a material matter after the close of hearings and without notice to the parties . . . and accepting gifts or other hospitality from a party during the proceedings. . . . An award may likewise be set aside on the basis of procedural error by an [arbitrator] if, for instance, the [arbitrator] arbitrarily denies a reasonable request for postponement of a hearing . . . or commits an egregious evidentiary error, such as refusing to hear material evidence or precluding a party's efforts to develop a full record. . . . Though not exhaustive, these examples of arbitral misconduct delineate the broad contours of conduct that is unacceptable and prohibited under § 52-418 (a) (3). The presumptive validity of consensual arbitration awards depends upon the underlying integrity of the arbitration process. When that integrity is tainted either by actual impropriety or the appearance of impropriety, the arbitration award cannot be permitted to stand." (Internal quotation marks omitted.) *Krassner* v. *Ansonia*, 100 Conn. App. 203, 210–11, 917 A.2d 70 (2007).

On appeal, the defendant claims that the court improperly vacated the arbitration award because the record does not support a ruling that Giordano failed to consider adequately additional evidence from the plaintiffs following the August 28, 2007 conference call. Additionally, the defendant maintains that the court improperly ruled that "[t]he unrefuted facts in this case indicate that the arbitrator summarily closed the hearing . . . ." (Internal quotation marks omitted.)

It is important to note that at the time Giordano held the August 28, 2007 conference call, the parties had been involved in arbitration for more than one year, with formal hearings having lasted from August, 2006, until January 24, 2007. Although the record does not reveal the substance and content of those hearings, or the extent to which the parties presented evidence in support of their claims, by counsel's own admission, the plaintiffs "[c]ould . . . have insisted that the case proceed" after the conference call took place.[6] Instead, the plaintiffs' counsel allowed the case to proceed to a final arbitration award. Nonetheless, in its memorandum of decision vacating the award, the court reasoned that Giordano "summarily closed the [arbitration hearings]," and thus departed from the requirements of § 52-418 (a) (3) by denying the "plaintiffs a full and fair opportunity to question the defendant and present evidence of their own."

In contrast to the trial court's characterization of events, the record demonstrates that Giordano held extensive arbitration hearings in this matter and ultimately concluded that enough information had been presented to issue an award. Moreover, in light of well

---

[6] During the May 17, 2008 hearing on the plaintiffs' motion to reargue, the plaintiffs' counsel stated in part: "Could I have insisted that the case proceed? Yes, I suppose I could have, although I think I had incurred enough rancor from the arbitrator to that point. So, I just went along with [Giordano's decision to conclude the proceedings]."

established precedent emphasizing the presumptive validity and propriety of the arbitration process in general, and arbitral decision making in particular, we decline to accept the proposition that, in the absence of evidentiary support, Giordano engaged in arbitral misconduct simply by ending the arbitration as of August 28, 2007. See *Stutz* v. *Shepard*, 279 Conn. 115, 129, 901 A.2d 33 (2006) (expressing "clear preference for making every reasonable presumption in favor of the arbitration award and the arbitrator's acts and proceedings"); *Board of Education* v. *Civil Service Employees Affiliates, Local 760*, 88 Conn. App. 559, 566–67, 870 A.2d 473 (2005) ("in applying this general rule of deference to an arbitrator's award, [e]very reasonable presumption and intendment will be made in favor of the [arbitral] award and of the arbitrators' acts and proceedings" [internal quotation marks omitted]); *Metropolitan District Commission* v. *AFSCME, Council 4, Local 184*, 37 Conn. App. 1, 7, 654 A.2d 384 (1995) ("the trial court [is] required to presume that the actions of the [arbitrator] were proper" in the absence of affirmative evidence to the contrary, citing *O & G/O'Connell Joint Venture* v. *Chase Family Ltd. Partnership No. 3*, 203 Conn. 133, 145–47, 523 A.2d 1271 [1987]), aff'd, 237 Conn. 114, 676 A.2d 825 (1996).

Here, the court vacated the arbitration award based on the arguments of counsel and without a sufficient evidentiary hearing to assess whether Giordano's decision truly deviated from the requirements of § 52-418 (a) (3). Additionally, the court was incorrect in ruling that the facts were "unrefuted" as to whether Giordano "summarily closed" the arbitration. Indeed, a main point of contention between the parties during the initial proceedings before the court was whether Giordano's decision to conclude the arbitration as of August 28, 2007, was appropriate. Without evidence illustrating that Giordano's determination to forgo additional hearings

amounted to impropriety, and in light of the presumptive validity of the arbitrator's actions, we are unable to conclude that Giordano's decision deprived the plaintiffs of a full and fair hearing in violation of § 52-418 (a) (3). See *Krassner* v. *Ansonia*, supra, 100 Conn. App. 212. Accordingly, we hold that the court improperly vacated the arbitration award on the ground of arbitral misconduct.

## II

The defendant next claims that the court improperly vacated the arbitration award without first remanding the case to the arbitrator for clarification to determine the threshold question of whether the contract complied with the act. Because we conclude that the court erred in ruling that the arbitrator "neither made reference to [the issue of the contract's validity] nor ruled on it" in contravention of § 52-418 (a) (4), we reverse the judgment of the trial court.

The following additional facts are relevant to our resolution of the defendant's claim. On December 7, 2006, Giordano requested that both parties present briefs addressing the contract's validity under the act. As the court describes, "[i]t is clear that the question of the contract's enforceability was consistently raised as an issue for the arbitrator to consider and resolve." Though a definitive ruling as to the contract's validity was never explicitly articulated by the arbitrator, the eventual award entered in favor of the defendant was premised on a breach of the contract by the plaintiffs. Also, in its initial order confirming the arbitration award, the court ruled that "[a] review of the briefs and contracts does not disclose a violation of the Home Improvement Act." However, in its memorandum of decision vacating the award, the court ruled that the arbitrator's failure to definitively decide the issue of the contract's validity violated § 52-418 (a) (4) and the

rule set forth in *Nussbaum* v. *Kimberly Timbers, Ltd.*, supra, 271 Conn. 65. Furthermore, the court denied the defendant's request to remand the matter to the arbitrator to determine the contract's validity, ruling that such a remand would be futile in light of the court's determination that the arbitrator engaged in misconduct.[7]

In its memorandum of decision vacating the arbitration award, the court's reasoning is based primarily on its interpretation of our Supreme Court's ruling in *Nussbaum*. In *Nussbaum*, our Supreme Court was confronted with the jurisdictional dichotomy that exists between trial courts and arbitrators with respect to questions of contractual enforceability. Id., 70. More specifically, the issue in *Nussbaum* was whether the arbitrator, as opposed to the trial court, in an unrestricted arbitration had the authority to determine whether the very contract that provided for arbitration between the parties itself was statutorily unenforceable. Id., 74–75. Finding that such a claim "does not pertain to the validity of the arbitration agreement itself," our Supreme Court ruled that similar questions of contractual enforceability "must be decided in the first instance by the arbitrator." Id., 78.

While the ruling in *Nussbaum* appears at first blush to endorse the concept that arbitrators are required to explicitly pass on any and all factual and legal disputes that may be raised by parties to an arbitration, this is not the case. Rather, the holding of *Nussbaum* is narrower in that it simply delineates the appropriate roles played by the arbitrator and the trial court respectively during the arbitration process. Contrary to the trial court's interpretation that *Nussbaum* "requires that the arbitrator [explicitly] rule" on the issue of the

---

[7] As discussed in part I of this opinion, we have concluded that the court's decision with regard to arbitral misconduct was erroneous.

contract's validity, *Nussbaum* requires only that it be the arbitrator, as opposed to the trial court, that decides the issue in the first instance. *Nussbaum* v. *Kimberly Timbers, Ltd.*, supra, 271 Conn. 78. *Nussbaum* does not stand for the proposition that arbitrators must expressly pass judgment on all issues presented to them for fear that their awards will be vacated.

Our determination in this regard is supported by this court's ruling in *Economos* v. *Liljedahl Bros., Inc.*, 86 Conn. App. 578, 862 A.2d 312 (2004), aff'd, 279 Conn. 300, 901 A.2d 1198 (2006), decided shortly after *Nussbaum*. In *Economos*, the trial court granted the plaintiff's application to vacate an underlying arbitration award, concluding that the arbitrator "failed to [specifically] address [several] claims raised by the plaintiffs" during the arbitration. Id., 580. On appeal, we reversed the decision of the trial court, holding that "[i]f the submission [for arbitration] is unrestricted . . . an arbitrator is not required to decide the issues presented according to law. . . . [This is because] [w]here the submission [for arbitration] does not otherwise state, the [arbitrator is] empowered to decide factual and legal questions and an award cannot be vacated on the grounds that the construction placed upon the facts or the interpretation of the agreement by the [arbitrator] was erroneous. Courts will not review the evidence nor, where the submission is unrestricted, will they review the [arbitrator's] decision of the legal questions involved. . . . [Thus], [w]e emphasize . . . that [§ 52-418 (a) (4)] . . . is narrow and should be reserved for circumstances of an arbitrator's extraordinary lack of fidelity to established legal principles." (Citation omitted; internal quotation marks omitted.) Id., 584–85.[8]

---

[8] Although our decision in *Economos* v. *Liljedahl Bros., Inc.*, supra, 86 Conn. App. 585, discusses at length the three-pronged test adopted by our Supreme Court to evaluate claims under § 52-418 (a) (4), there is no discussion in the memorandum of decision for the case at bar as to this analysis, and the parties have not addressed it in their briefs. Nevertheless, our disposition of this appeal remains unaffected.

The record in the present case undermines the claim that the arbitrator ignored the issue of the contract's validity under the act or otherwise failed to appropriately resolve the dispute in the first instance. To the contrary, as previously discussed, the arbitrator thoroughly explored the enforceability question via briefs and hearings with counsel. Although it is true that Giordano never overtly articulated his determination in this regard, his award of damages in favor of the defendant for breach of contract necessarily contemplates that the contract is valid. Indeed, were it otherwise, there could be no award for breach.

We take this opportunity to underscore the fact that our Supreme Court has adopted principles of federal precedent allowing a court to "remand [an arbitration issue] without vacating a case to an arbitrator for clarification of a final award" should there be confusion underlying the award or the arbitration process. *Hartford Steam Boiler Inspection & Ins. Co.* v. *Underwriters at Lloyd's & Cos. Collective*, 271 Conn. 474, 485, 857 A.2d 893 (2004), cert. denied, 544 U.S. 974, 125 S. Ct. 1826, 161 L. Ed. 2d 723 (2005). Not only does this preserve the presumptive validity of arbitration awards in general, but, from a practical perspective, "we are reluctant to erase the work surrounding [the] belabored arbitration [process], causing further delay, more time, and more resources to be expended, [especially] when a deficiency may be corrected by a simple clarification" by the arbitrator. Id., 494. In the present case, if the court was unclear as to whether or not the arbitrator adequately addressed the issue of the contract's validity, then, consistent with *Hartford Steam Boiler Inspection & Ins. Co.*, it had the discretion to remand for clarification to the arbitrator; id., 485; which it did not do.[9] Rather, the court presumed inattention and incompleteness on the part of the arbitrator and his award,

[9] Here, the court determined that remand to the arbitrator pursuant to *Hartford Steam Boiler Inspection & Ins. Co.* would be "futile" because of

respectively. Because we must presume the correctness of the actions and determinations of the arbitrator; *Metropolitan District Commission* v. *AFSCME, Council 4, Local 184*, supra, 37 Conn. App. 7; and because the arbitrator's award of damages for breach of contract necessarily found that the contract was valid, we conclude that the arbitrator appropriately considered whether the contract was enforceable and, thus, reverse the judgment of the trial court. We further conclude that, because remand to the arbitrator is unnecessary as to the question of the contract's enforceability, judgment confirming the arbitration award should enter.

The judgment is reversed and the case is remanded with direction to render judgment granting the defendant's application to confirm the arbitration award and denying the plaintiffs' application to vacate the award.

In this opinion the other judges concurred.

its erroneous conclusion that Giordano had engaged in misconduct. Because we have found no misconduct on the part of Giordano, the court's determination with respect to remand under *Hartford Steam Boiler Inspection & Ins. Co.* is also incorrect.