******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

ALFRED MARULLI ET AL. *v.* WOOD FRAME
CONSTRUCTION COMPANY, LLC
(AC 35813)

Beach, Keller and Flynn, Js.

*Argued September 10—officially released December 16, 2014*

(Appeal from Superior Court, judicial district of
Middlesex, Holzberg, J. [judgment]; Aurigemma, J.
[motion to establish debt, interest].)

*John J. Carta, Jr.*, for the appellants (plaintiffs).

*Sean E. Donlan*, for the appellee (defendant).

*Opinion*

KELLER, J. In this action arising from an arbitration dispute, the plaintiffs, Alfred Marulli and Barbara Marulli, appeal from the judgment of the trial court rendered in favor of the defendant, Wood Frame Construction Company, LLC. The plaintiffs claim that the court's judgment of April 23, 2013, which set forth the amount owed by the plaintiffs to the defendant, including interest and costs, should be set aside because (1) the court lacked the authority to grant the defendant's motion for a written and signed judgment, and (2) the court's award of postjudgment interest was improper on several grounds.[1] We conclude that the court acted within its authority when it granted the defendant's motion, but that it improperly awarded postjudgment interest from the time of the arbitrator's award. Accordingly, we reverse the judgment only as it relates to the duration of the award of postjudgment interest and remand the case to the trial court for further proceedings consistent with this opinion.

The following undisputed facts and procedural history may be gleaned from the record. In the summer of 2006, the defendant commenced arbitration proceedings against the plaintiffs pursuant to a construction contract that existed between the parties. The proceedings took place before Michael F. Giordano, an arbitrator appointed by the American Arbitration Association. On December 12, 2007, Giordano awarded the defendant $200,000 for breach of the contract.

Thereafter, in January, 2008, the plaintiffs filed an application in the Superior Court to vacate the award. In February, 2008, the defendant filed an application to confirm the award. On April 8, 2008, the court, *Holzberg, J.*, denied the application to vacate the award and granted the application to confirm the award. On June 4, 2008, the court granted a motion to reargue brought by the plaintiffs, and vacated the arbitration award. On January 29, 2009, the court issued a memorandum of decision in which it denied the defendant's motion to reconsider its June 4, 2008 decision, thereby reaffirming the earlier ruling to vacate the award.

The defendant appealed from the court's decision to this court, which reversed the judgment of the trial court and remanded the case to the trial court "with direction to render judgment granting the defendant's application to confirm the arbitration award and denying the plaintiffs' application to vacate the award." *Marulli* v. *Wood Frame Construction Co.*, *LLC*, 124 Conn. App. 505, 518, 5 A.3d 957 (2010), cert. denied, 300 Conn. 912, 13 A.3d 1102 (2011). On July 21, 2011, in response to a motion brought by the defendant, the court, *Holzberg, J.*, rendered judgment in accordance with this court's decision. Neither party appealed from the court's judgment.

On April 4, 2013, more than twenty months after the trial court rendered its judgment in accordance with this court's remand order, the defendant filed a motion entitled "Motion to Establish Written and Signed Judgment and Amount of Original Debt and Interest to Date," in which it asked the court to "execute a written and signed judgment of the total amount due at this time to allow the defendant to pursue collection on this judgment." In its motion, the defendant set forth relevant procedural history of the case and, inter alia, represented that "[p]ursuant to [General Statutes §] 31-3a[2] the defendant is entitled to interest from the Judgment amount of Two Hundred Thousand ($200,000.00) Dollars from April 8, 2008, and as of April 7, 2013, the amount of interest is One Hundred Thousand ($100,000.00) Dollars." (Footnote added.) Also, the defendant claimed that, in accordance with a previously filed bill of costs, it was entitled to $454.13 in costs. The defendant asserted that the parties had been unable reach agreement on payment to the defendant of the moneys owed pursuant to the judgment confirming the arbitrator's award and that "[a]ttempts by the defendant to collect on the judgment have been denied and delayed in part because the court file does not contain a written, signed judgment and does not contain a total amount owed to date."[3] By way of written objection filed April 16, 2013, the plaintiffs argued that the court lacked the authority to grant the relief sought in the defendant's motion or to calculate damages.

On April 23, 2013, the court, *Aurigemma, J.*, granted the defendant's motion and expressly overruled the plaintiffs' objection thereto. The court's dated and signed order states: "The arbitration award was issued on December 12, 2007, and awarded the defendant herein, Wood Frame Construction Company, LLC, the amount of $200,000, which included interest. General Statutes § 37-3a permits the award of up to 10 percent on judgment amounts. In *Marulli* v. *Wood Frame Construction Co., LLC*, [supra, 124 Conn. App. 505], the [Appellate Court] ordered this court to render judgment granting the defendant's application to confirm [the] arbitration award.

"The court awards interest pursuant to § 37-3a in the amount of $107,232.38 (10 percent per annum from December 13, 2007, through April 23, 2013). Interest continues to accrue on the judgment amount of $200,000 at the rate of $54.79 per diem.

"The court awards costs of $454.13.

"As of this date, the plaintiffs owe to the defendant the amount of $307,686.51."

The plaintiffs filed a motion to reargue the court's April 23, 2013 decision, which the court denied. This appeal from the judgment of April 23, 2013, followed.

I

First, the plaintiffs claim that the court lacked the authority to grant the defendant's motion for a written and signed judgment. We disagree.

Previously in this opinion, we have set forth the relief sought by way of the defendant's April 4, 2013 motion. This relief included a written determination of the moneys owed the defendant, including postjudgment interest. As they did before the trial court, the plaintiffs argue that in this proceeding incident to arbitration, the court's authority was confined by General Statutes § 52-417, which provides in relevant part: "At any time within one year after an award has been rendered and the parties to the arbitration notified thereof, any party to the arbitration may make application to the superior court . . . for an order confirming the award. The court or judge shall grant such an order confirming the award unless the award is vacated, modified or corrected as prescribed in sections 52-418 and 52-419." Additionally, the plaintiffs argue that the court exceeded any authority it possessed either to enforce its judgment confirming the arbitrator's award by virtue of General Statutes § 52-421 (b), or to modify or correct the arbitrator's award by virtue of General Statutes § 52-419.[4] The plaintiffs contend that because the court calculated damages and awarded interest, it exceeded the authority conferred by statute, specifically, to enter an order confirming the award.

The plaintiffs have raised an issue related to whether the court possessed the authority to grant the relief occasioned by the defendant's motion. "Any determination regarding the scope of a court's subject matter jurisdiction or its authority to act presents a question of law over which our review is plenary. . . . Further, to the extent that we are required to construe the meaning of a court's order or to determine the applicability of a statutory provision, we also apply a plenary standard of review." (Citation omitted; internal quotation marks omitted.) *Hogan* v. *Lagosz*, 147 Conn. App. 418, 427, 84 A.3d 434 (2013).

The defendant argues, and we agree, that the court had the authority to take any action in enforcing its judgment confirming the arbitrator's award that it could take in relation to any judgment rendered in a civil action. Section 52-421 (b) provides in relevant part: "The judgment or decree confirming, modifying or correcting an award shall be docketed as if it were rendered in a civil action. The judgment or decree so entered shall have the same force and effect in all respects as, and be subject to all the provisions of law relating to, a judgment or decree in a civil action; and it may be enforced as if it had been rendered in a civil action in the court in which it is entered. . . ." Although courts generally have viewed arbitration proceedings as distinct from civil actions, "whether an arbitration proceeding is a civil action turns on the purpose for which

the legislature created the proceeding and the most efficacious way to carry out that purpose. . . . [T]he word action has no precise meaning and the scope of proceedings which will be included within the term . . . depends upon the nature and purpose of the particular statute in question. . . . What the legislature may have intended to be a civil action for some purposes may not be a civil action for others." (Citation omitted; internal quotation marks omitted.) *Fishman* v. *Middlesex Mutual Assurance Co.*, 4 Conn. App. 339, 344, 494 A.2d 606, cert. denied, 197 Conn. 806, 807, 499 A.2d 57 (1985). This court has held that "under the plain language of § 52-421 (b), the *judgment* confirming an arbitration award, in all respects, is to be treated as a civil judgment, having the same force and effect thereof. General Statutes § 52-421 (b). Therefore, although the proceedings themselves are not civil actions within the meaning of title 52 [of our General Statutes], the judgment rendered following those proceedings has the same force and effect in all respects as . . . a judgment . . . in a civil action . . . ." (Emphasis in original; internal quotation marks omitted.) *Doctor's Associates, Inc.* v. *Windham*, 146 Conn. App. 768, 784, 81 A.3d 230 (2013).

Contrary to the plaintiffs' characterization of the court's order, the court did not engage in a process of "finding facts" or "computing damages . . . ." The court relied on the damage award of the arbitrator, which it previously had confirmed in its judgment of July 21, 2011. It provided the defendant with a written and signed order that set forth a total amount of damages owed to the defendant, including assessed costs[5] and postjudgment interest. Following the rendering of its judgment confirming the award, the court was authorized to award interest pursuant to § 37-3a, which expressly permits a trial court to award interest in "arbitration proceedings . . . as damages for the detention of money after it becomes payable. . . ." General Statutes § 37-3a (a). The plaintiffs have not specifically challenged the court's conduct in providing the parties a written and signed order reflecting its determinations in this regard. Accordingly, this claim fails.

II

Next, the plaintiffs claim that the court's award of postjudgment interest was improper on several grounds. First, the plaintiffs argue that the court improperly awarded postjudgment interest without conducting a hearing related thereto and that it "made no findings of any kind which would support the award of interest . . . ." Second, the plaintiffs argue that the court improperly exercised its discretion by awarding interest at a rate of 10 percent. Third, the plaintiffs argue that an award of postjudgment interest was not supported by the facts of the present case. Fourth, the plaintiffs argue that, even if such an award was proper,

the court erroneously awarded interest from December 13, 2007. We agree with the plaintiffs only insofar as they argue that the court erroneously awarded interest from December 13, 2007.

As set forth previously, the court, in calculating an award of postjudgment interest under § 37-3a, stated that interest at a rate of 10 percent per year accrued on the judgment of $200,000 from December 13, 2007, *the day after the arbitrator issued its decision*, until April 23, 2013, the date on which the court granted the motion at issue in the present appeal. The court calculated a rate of interest that thereafter totaled $54.79 per day. The record does not reflect that the court held a hearing related to this matter.

Before addressing the various arguments advanced by the plaintiffs, we set forth some of the legal principles germane to the claim. Section 37-3a (a) provides in relevant part: "[I]nterest at the rate of ten per cent a year, and no more, may be recovered and allowed in civil actions or arbitration proceedings under chapter 909 [of our General Statutes] . . . as damages for the detention of money after it becomes payable. . . ."

In *Sosin* v. *Sosin*, 300 Conn. 205, 244–45 n.25, 14 A.3d 307 (2011), our Supreme Court stated: "[A]lthough this court has stated that the retention of funds must be wrongful in order to trigger the provisions of § 37-3a, the statute itself merely provides that interest may be awarded for the detention of money after it becomes payable. General Statutes § 37-3a. . . . Because the case law interpreting § 37-3a has equated wrongful and the withholding of funds without the legal right to do so, and because a finding of wrongfulness in this context does not require the trial court to assess blameworthiness, requiring the trial court to find both that the money was detained after it became payable *and* that such detention was wrongful essentially would require the trial court to make redundant findings." (Citations omitted; emphasis in original.)

Expanding on its interpretation of § 37-3a in *Sosin*, our Supreme Court, in *DiLieto* v. *County Obstetrics & Gynecology Group, P.C.*, 310 Conn. 38, 74 A.3d 1212 (2013), had occasion to further articulate the standard to determine an award of interest under § 37-3a. The court stated: "[I]nterest is authorized . . . when the trial court determines, in its discretion, that considerations of fairness and equity warrant such an award." Id., 47. The court went on to explain: "[I]n the context of § 37-3a, a wrongful detention of money, that is, a detention of money without the legal right to do so, is established merely by a favorable judgment on the underlying legal claim, so that the court has discretion to award interest on that judgment, without any additional showing of wrongfulness, upon a finding that such an award is fair and equitable." Id., 48–49. The court observed that although relevant precedent had

deemed postjudgment interest payable following a *wrongful* detention of money, "proof of wrongfulness is not required above and beyond proof of the underlying legal claim. . . . In other words, the wrongful detention standard of § 37-3a is satisfied by proof of the underlying legal claim, a requirement that is met once the plaintiff obtains a judgment in his favor on that claim." (Citation omitted; internal quotation marks omitted.) Id., 52.

Beyond stating that an award of postjudgment interest is discretionary upon a showing that money has been detained after an adverse party has obtained a judgment in its favor on that claim, the court stated that interest is awarded under § 37-3a "when the court determines that such an award is appropriate to compensate the plaintiff for the loss of the use of his or her money. Basically, the question is whether the interests of justice require the allowance of interest as damages for the loss of use of money. . . .

"[Section 37-3a] does not identify the factors to be considered by the trial court in exercising its discretion under the statute. Accordingly, the court is free to consider whatever factors may be relevant to its determination. Judicial discretion, however, is always a legal discretion exercised according to the recognized principles of equity. . . . Such discretion . . . imports something more than leeway in decision making and should be exercised in conformity with the spirit of the law and should not impede or defeat the ends of substantial justice. . . .

"Inherent [therefore] in the concept of judicial discretion is the idea of choice and a determination between competing considerations. . . . A court's discretion must be informed by the policies that the relevant statute is intended to advance. . . . As we have indicated, regardless of whether a statute provides for mandatory or discretionary postjudgment interest, the policy behind any such provision is to compensate the successful party for the loss of the use of the money that he or she is awarded from the time of the award until the award is paid in full." (Citations omitted; internal quotation marks omitted.) Id., 54–55.

## A

First, we address the plaintiffs' argument that the court's award of postjudgment interest is improper because the court did not conduct "a hearing" related to postjudgment interest and failed to make required findings incident to its award. The plaintiffs have not drawn our attention to any authority for the proposition that a court must conduct a hearing, whether evidentiary or otherwise, before awarding interest under § 37-3a, and our research has not revealed the existence of any such authority.[6] Moreover, the present situation does not involve a claim related to the court's denial

of a request for any type of hearing; although the plaintiffs filed an objection to the defendant's request for postjudgment interest, the record does not reflect that the plaintiffs requested a hearing related either to the defendant's motion or to the plaintiffs' written objection related thereto.

Moreover, having set forth the relevant considerations pertaining to an award of postjudgment interest, we are not persuaded that pertinent facts relevant to the court's exercise of discretion in awarding postjudgment interest in the present case were not apparent from the record itself. The plaintiffs have not attempted to demonstrate the existence of any additional facts that would have been relevant to the court in exercising its discretion. The record before the court, which included the arbitrator's award, plainly reflected the procedural history of the case, including the dates of and the nature of the judgments that were relevant to a proper award. The plaintiffs submitted a written objection to the defendant's motion in which they challenged in general terms the court's authority to grant the motion. Although they were not precluded from doing so, they did not, in the alternative, make any arguments concerning a fair award of postjudgment interest or provide the court with any written submissions that were material to this issue.

Additionally, the plaintiffs baldly assert that "the court made no findings of any kind which would support the award of interest, the amount and the date when the wrongful detention began." "A trial court must make two determinations when awarding compensatory interest under § 37-3a: (1) whether the party against whom interest is sought has wrongfully detained money due the other party; and (2) the date upon which the wrongful detention began in order to determine the time from which interest should be calculated." (Internal quotation marks omitted.) *Marshall* v. *Marshall*, 151 Conn. App. 638, 653, 97 A.3d 1 (2014).

We note that "[t]he interpretation of a trial court's judgment presents a question of law over which our review is plenary. . . . Effect must be given to that which is clearly implied as well as to that which is expressed." (Citation omitted; internal quotation marks omitted.) *Sosin* v. *Sosin*, supra, 300 Conn. 217. It is reasonable to interpret the court's order to reflect that the amount of money at issue was the specific amount of the arbitrator's award, $200,000. Plainly, the court awarded interest from the date following the arbitrator's award, December 13, 2007. The court unambiguously relied on § 37-3a, referred to the procedural history it deemed relevant to its decision, set forth a rate of interest and explained the calculations incident to its order. It does not appear on the face of the court's order that it failed to make the necessary findings suggested by the plaintiffs. In any event, even if the court

failed to set forth the requisite findings, we would not upset its order on this ground because the findings underlying an award of interest under § 37-3a need not be expressly made on the record. See id., 244 n.25, citing *Cecio Bros., Inc.* v. *Feldmann*, 161 Conn. 265, 274–75, 287 A.2d 374 (1971), and *Hartford Steam Boiler Inspection & Ins. Co.* v. *Underwriters at Lloyd's & Cos. Collective*, 121 Conn. App. 31, 63, 994 A.2d 262, cert. denied, 297 Conn. 918, 996 A.2d 277 (2010).[7]

### B

Second, the plaintiffs argue that the court improperly exercised its discretion by awarding interest at a rate of 10 percent. The plaintiffs correctly assert that, under § 37-3a, the court may award a maximum rate of interest of 10 percent per year, but it has discretion to apply a lesser rate. See, e.g., *Sosin* v. *Sosin*, supra, 300 Conn. 246–47 n.26 ("this court repeatedly has recognized that the trial court has broad discretion under § 37-3a to determine . . . the rate of interest [under § 37-3a]").

In their scant analysis of this aspect of their claim, the plaintiffs cite to precedent which stands for the proposition that a court may award postjudgment interest at a rate of 10 percent or less per year, and assert that "[e]ven the rate of interest is something which the trial court should not rubber stamp." The plaintiffs have not demonstrated, by reference to any facts in the record or any aspect of the court's order, that the court misinterpreted § 37-3a or that the court's order reflected an abuse of discretion. Absent any indication in the record, we decline to presume, as do the plaintiffs, that the court applied the interest rate that it did because it erroneously believed that it was obligated to do so. See, e.g., *Acadia Ins. Co.* v. *O'Reilly*, 138 Conn. App. 413, 419, 53 A.3d 1026 (2012) (appellate court will not presume error that is not apparent from record), cert. denied, 308 Conn. 904, 61 A.3d 1097 (2013).

### C

Next, the plaintiffs argue that an award of postjudgment interest was not supported by the facts of the present case. The plaintiffs correctly acknowledge that awarding postjudgment interest is a discretionary, equitable determination. The plaintiffs argue, however, that the court did not make "any factual findings of wrongfulness . . . ." Further, they assert, as a general proposition of law, but without any analysis under the facts of this case, that money is not wrongfully withheld for purposes of § 37-3a if the party against whom postjudgment interest is sought has advanced nonfrivolous arguments or has not otherwise acted in bad faith by retaining the money at issue.

Previously, in part II A of this opinion, we explained that the court need not explicitly state findings in connection with the granting of a request for postjudgment interest. See *Sosin* v. *Sosin*, supra, 300 Conn. 244 n.25.

Furthermore, in our preliminary remarks in part II of this opinion, we explained that an award of postjudgment interest need not be supported by any type of showing of blameworthiness or bad faith on behalf of a party retaining money, but merely by proof of the underlying legal claim—a requirement that is met once the plaintiff obtains a judgment in his favor on that claim. See *DiLieto* v. *County Obstetrics & Gynecology Group, P.C.*, supra, 310 Conn. 52. Accordingly, we reject the arguments advanced by the plaintiffs that suggest (1) that the court erroneously failed to set forth necessary findings of "wrongfulness" and (2) that the award of postjudgment interest was improper because, in the plaintiffs' view, the evidence demonstrated that they set forth a nonfrivolous defense to the defendant's claims and, thus, they had not acted in bad faith or in a blameworthy manner in retaining the money at issue.

D

Finally, we address the plaintiffs' argument that, even if an award of postjudgment interest was proper in this case, the court abused its discretion by awarding interest from December 13, 2007. In a conclusory manner in their brief to this court, they assert: "To award postjudgment interest from the day after the notice of the award by the arbitrator cannot, under any circumstance, be upheld." Thereafter, the plaintiffs rely on authority for the proposition that the court was obligated to determine if and when retention of the money at issue was wrongful, but that the court failed to make factual findings in this regard.

A closer discussion of the relevant procedural history that we have discussed previously in this opinion is warranted. The trial court awarded postjudgment interest from December 13, 2007, thereby awarding interest from the day after the arbitrator issued his decision in favor of the defendant in the amount of $200,000. On January 7, 2008, the plaintiffs seasonably filed an application to vacate the arbitrator's award of December 12, 2007. See General Statutes § 52-420. Thereafter, the defendant, for its part, applied for an application to confirm the award. Thus, the arbitrator's award was the subject of judicial review by the Superior Court until January 29, 2009, at which time the court granted the plaintiffs' application to vacate the award. See *Marulli* v. *Wood Frame Construction Co., LLC*, supra, 124 Conn. App. 508. As a result of a successful appeal by the defendant, on October 19, 2010, this court reversed the January 29, 2009 judgment of the trial court vacating the award. This court's rescript stated: "The judgment is reversed and the case is remanded with direction to render judgment granting the defendant's application to confirm the arbitration award and denying the plaintiffs' application to vacate the award." Id., 518. It is undisputed, and the record reflects, that, on July 21, 2011, the trial court rendered judgment in accordance with

this court's remand order.

Under § 37-3a (a), an award of postjudgment interest may be awarded "for the detention of money *after it becomes payable*. . . ." (Emphasis added.) The court determined that the $200,000 became payable to the defendant on December 13, 2007. There is no support for the proposition that the arbitrator's decision had the status of an enforceable judgment immediately after it was made, for the propriety of the arbitrator's award timely was disputed by the parties before the trial court, which ultimately entered a binding judgment that *vacated* the award. Postjudgment interest "shall be calculated from the date of the final judgment to the date of payment." *TDS Painting & Restoration, Inc.* v. *Copper Beech Farm, Inc.*, 73 Conn. App. 492, 512, 808 A.2d 726, cert. denied, 262 Conn. 925, 814 A.2d 379 (2002). Moreover, as a result of the defendant's appeal, this court did not *modify* the judgment of the trial court, which vacated the award.[8] Instead, this court, inter alia, ordered the trial court to enter *a new judgment* confirming the arbitrator's award. The trial court did so on July 21, 2011.

The trial court was asked to consider an award of postjudgment interest in April, 2013, and rendered judgment that awarded interest on April 23, 2013. In determining the appropriate date from which an award of postjudgment interest may run in the present case, in which an appeal has been taken, we are guided by our Supreme Court's analysis in *Gary Excavating Co.* v. *North Haven*, 163 Conn. 428, 311 A.2d 90 (1972), a decision brought to our attention by the defendant. The parties in *Gary* arbitrated a contractual dispute. Id., 429. The arbitrator awarded the plaintiff $150,000, but the defendant obtained a judgment from the Superior Court vacating the award. Id. Following a successful appeal by the defendants in *Gary*, our Supreme Court on March 2, 1971, directed the trial court to set aside the judgment and "to render judgment confirming the award." (Internal quotation marks omitted.) Id. Thereafter, the plaintiff moved to confirm the original award in accordance with the remand order, and also claimed an entitlement to interest on the award. Id., 429–30. On December 3, 1971, the trial court rendered judgment in accordance with the award, but declined to order the payment of interest. Id., 430.

After concluding that the trial court properly declined to award interest because such an award was not part of its remand order, the Supreme Court in *Gary* determined that it should order interest nunc pro tunc. Id. The court went on to determine whether to order interest from June 23, 1969, the date of the arbitrator's original award or from March 2, 1971, the date of its mandate requiring the trial court to render judgment confirming the award. Id. The court determined that the plaintiff was entitled to interest "from the date of judgment on

the award" and that, under the facts of *Gary*, this was the date that the Supreme Court released its opinion mandating that the Superior Court render judgment confirming the award. Id., 432. The court, therefore, awarded interest from March 2, 1971, until the date of payment. Id.

As we seek to determine when the money at issue in the present case became payable, it is appropriate that we look to *Gary*, a case in which a reviewing court mandated a new judgment. *Gary*, like the present case, presented a circumstance in which a reviewing court ordered the trial court to render judgment confirming an arbitrator's award. We are not presented with a case in which the reviewing court *modified* the judgment of the trial court.[9] As we apply *Gary* to the present case,[10] we observe that this court, in *Marulli* v. *Wood Frame Construction Co.*, *LLC*, supra, 124 Conn. App. 505, mandated a new judgment confirming the arbitrator's award in an opinion that was released on October 19, 2010. In accordance with *Gary*, this is the first date on which, pursuant to § 37-3a, the money at issue in the arbitrator's decision became payable. Accordingly, the court properly could have awarded interest from October 19, 2010, until the date that payment is made.

The judgment is reversed only with regard to the duration of the award of postjudgment interest and the case is remanded for further proceedings consistent with this opinion. The judgment is affirmed in all other respects.

In this opinion the other judges concurred.

[1] Although the statement of the issues in the plaintiffs' brief appears to set forth three distinct claims, we interpret the first and second claims therein as describing the same claim, namely, a challenge to the court's authority to grant the defendant's motion. Consistent with our interpretation, the plaintiffs, in the body of their brief, analyzed these claims in a single section before turning to an analysis of the propriety of the court's postjudgment interest award. Accordingly, our analysis is confined to the two claims set forth herein.

[2] We consider the defendant's citation to § 31-3a, which does not have any applicability to the present case, to be in error. Instead, General Statutes § 37-3a, on which the court relied and on which the defendant relies on appeal, applies to the award of interest.

[3] Among the items attached as exhibits to the defendant's motion is a copy of the arbitrator's decision, a copy of a judgment lien filed by the defendant concerning certain real property owned by the plaintiffs in Essex, and an excerpt from the contract that existed between the parties.

[4] The plaintiffs argue that, even if the defendant's motion invoked the court's authority to confirm or to modify the award under § 52-419, pursuant to General Statutes § 52-420, such motion was untimely because it was not filed within thirty days of the issuance of the award. Because we conclude that the motion invoked the court's authority to enforce a civil judgment, we need not address this aspect of the claim.

[5] Although the plaintiffs do not specifically challenge the court's order insofar as it assessed costs, we observe that the court, pursuant to its authority to enforce the judgment confirming the award, had the authority to award costs pursuant to General Statutes § 52-257.

[6] With regard to *oral argument* of motions in civil matters, our rules of practice provide: "Oral argument is at the discretion of the judicial authority except as to motions to dismiss, motions to strike, motions for summary judgment, motions for judgment of foreclosure, and motions for judgment on the report of an attorney trial referee and/or hearing on any objections thereto. . . ." Practice Book § 11-18 (a).

[7] Additionally, to the extent that the plaintiffs suggest reversible error on the basis of matters not articulated in the court's order, we observe that "[i]t is the responsibility of the appellant to provide an adequate record for review. The appellant shall determine whether the entire trial court record is complete, correct and otherwise perfected for presentation on appeal. . . ." Practice Book § 61-10. Additionally, "[t]his court does not presume error on the part of the trial court; error must be demonstrated by an appellant . . . ." (Internal quotation marks omitted.) *Acadia Ins. Co.* v. *O'Reilly*, 138 Conn. App. 413, 419, 53 A.3d 1026 (2012), cert. denied, 308 Conn. 904, 61 A.3d 1097 (2013). The record does not reflect that the plaintiffs availed themselves of their procedural right to seek from the trial court any additional findings that they believed were necessary to its decision.

[8] "[W]hen there is a rescript that *modifies the judgment*, postjudgment interest is to run from the date of the original judgment. It should be as if the correct judgment had been issued by the original trial court, with the interest [under § 37-3a] running forward from that date." (Emphasis added.) *Patron* v. *Konover*, 43 Conn. App. 645, 652, 685 A.2d 1133 (1996), cert. denied, 240 Conn. 911, 690 A.2d 400 (1997); see also *Mazzotta* v. *Bornstein*, 105 Conn. 242, 244–45, 135 A. 38 (1926); *TDS Painting & Restoration, Inc.* v. *Copper Beech Farm, Inc.*, supra, 73 Conn. App. 514.

[9] See footnote 8 of this opinion.

[10] We observe that, unlike the facts of *Gary*, the trial court's determination concerning interest is separate from its action on remand. There is no argument that the trial court did not strictly comply with this court's mandate on remand from *Marulli* v. *Wood Frame Construction Co., LLC*, supra, 124 Conn. App. 505. As stated previously, the trial court, on July 21, 2011, rendered judgment in accordance with this court's remand order, and there was no appeal from that judgment. The judgment at issue in this appeal, awarding interest, was rendered some twenty months following that prior judgment, and only after the defendant brought a motion in an effort to enforce that prior judgment.